# ERNESTO F. SCHLUTER DOING BUSINESS UNDER FIRM NAME SCHLUTER & COMPANY, Libellant,

*v.*

# SCHOONER "ERNESTINA," HER TACKLE, ETC., Libellee.

San Juan, Admiralty, No. 1227.

### FOR PROPER JETTISON.

Libellant—Burden of Proof.

> The burden of proof as to injury alleged by libellant is upon him, and decision will be for the claimant if the burden is not borne.

Opinion filed March 22, 1919.

*Mr. Hugh R. Francis* for libellant.

*Mr. Frank Antonsanti* for libellee.

HAMILTON, Judge, delivered the following opinion:

It is conceded that nine barrels of codfish were carried on deck contrary to the contract of affreightment. The court cannot say that there is a preponderance of the evidence that more was on deck. It is true the heavy barrels could not have been jettisoned while water was pouring over the vessel, but a storm may well have variations of intensity making jettison possible, and the court is satisfied that the bulk of libellant's codfish was

stored in the hold before the "Ernestina" left San Juan and was later properly jettisoned. The libellant has not sustained his contention by a preponderance of the evidence.

As to the value of the nine barrels there is more doubt. The leaking of barrels may injure their contents, but this is not shown satisfactorily in the case at bar. So the price of certain codfish of plaintiff was low, but that was for special reasons connected with competition. Being in leaky condition, however, the fish could not have been in the best condition or regarded as first class. A fair deduction from the evidence would average the value of the nine barrels between the highest and lowest prices, say $35 per barrel, and a decree will be entered for this amount, and costs.

It is so ordered.